### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
KIM M. RICOTTELLI            :    Civ. No. 3:14CV01412(AWT)
                             :
v.                           :
                             :
CAROLYN W. COLVIN, ACTING    :
COMMISSIONER, SOCIAL SECURITY :   April 20, 2016
ADMINISTRATION               :
                             :
-----------------------------x
```

### RULING ON PLAINTIFF'S MOTION FOR AWARD OF FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff Kim M. Ricottelli ("plaintiff") filed an application for Disability Insurance Benefits ("DIB") on November 10, 2011, alleging disability beginning on September 23, 2011. (Certified Transcript of the Record, Compiled on December 12, 2014, (hereinafter "Tr.") 127). After a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on December 30, 2013. See Tr. 124-39. Following the exhaustion of his administrative remedies, the plaintiff filed the Complaint in this case on September 25, 2014. [Doc. #1]. On February 5, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #19]. On April 6, 2015, plaintiff filed his Motion to Remand to Agency, together with a memorandum in support ("motion to remand"). [Doc. #20]. On June 4, 2015, defendant filed her Motion to Affirm the

Decision of the Commissioner, together with a memorandum in support ("motion to affirm")[Doc. #22], to which plaintiff filed a reply. [Doc. #23].

On January 6, 2016, the undersigned issued a recommended ruling granting plaintiff's motion to remand and denying defendant's motion to affirm. [Doc. #25]. The Court found that this matter should be remanded to the Commissioner for further proceedings, directing: "On remand the Commissioner will address the other claims of error not discussed herein and the treatment records post-dating the ALJ's opinion that were provided to the Appeals Council." Id. at 25. On January 29, 2016, Judge Alvin W. Thompson accepted the undersigned's Recommended Ruling and remanded the case "to permit the ALJ to proceed through the sequential evaluation and review additional evidence and request an evaluation of plaintiff's functioning from her treating physician/psychiatrist." [Doc. #26]. Judgment was entered on February 5, 2016. [Doc. #27].

On March 21, 2016, the defendant filed a Consent Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA"), agreeing to an award of $6,500.00 in attorney fees. [Doc. #28]. On April 11, 2016, Judge Thompson referred the case to the undersigned for a ruling on the Consent Stipulation. [Doc. #29]. On April 12, 2016, the undersigned

issued an Order requiring plaintiff to provide a detailed accounting of her costs and fees in the matter so that the Court could determine "if the hours expended and the rates charged are reasonable[.]" Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008)(citations omitted). [Doc # 30]. On April 20, 2016, plaintiff filed a Motion for Attorney Fees Under the EAJA, together with an itemization of time, retainer agreement and proposed Order. [Doc. #31]. Plaintiff's motion seeks an award for attorney fees under the EAJA in the amount of $6,500. Id.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (quotation marks and citation omitted); see also Rogers v. Colvin, No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. U.S., 21 Cl. Ct. 145, 152 (1990) (Under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form

3

of a proposed stipulation."). The Court therefore has reviewed the plaintiff's application for fees to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. #31] is **GRANTED**, for the stipulated amount of **$6,500.00 in fees**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours

4

expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[1] The Court has the discretion to determine what fee is reasonable. See id. at 437. This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the fee requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge[.]" Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010) (quotation marks and citation omitted).

In determining whether the amount of time billed is reasonable, "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Hogan, 539 F. Supp. 2d at 682; see also Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during

---

[1] The Hensley Court interpreted 42 U.S.C. §1988, which permits for the recovery of a reasonable attorney's fee by a prevailing plaintiff. Id. at 426; see 42 U.S.C. §1988. The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." Hensley, 461 U.S. at 433 n.7 (quotation marks omitted).

the administrative proceedings." <u>Rodriguez v. Astrue</u>, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009), <u>approved in relevant part</u>, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds, absent objection: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] <u>See</u> 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks reimbursement for a total of 34.21 hours, at a rate of $190 per hour. [Doc. #31 at 1-2].[3] The transcript in this case was comprised of 662 pages,

---

[2] Plaintiff's motion is timely as she filed it within thirty days after the time to appeal the final judgment had expired. <u>See</u> <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991) (holding "that a 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

[3] Counsel for plaintiff indicates that 40.7 hours were spent in preparing and presenting this matter to the Court, but counsel has agreed to reduce his time to 34.21 hours after negotiations

and plaintiff's counsel submitted a thorough and well-reasoned brief, which included a comprehensive medical chronology. Further, counsel did not represent plaintiff during the administrative proceedings, and therefore had to familiarize himself with the record prior to briefing. See e.g. Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

Accordingly, the Court finds that the stipulated time of 34.21 hours is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $6,500 is appropriate. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. #31] is **GRANTED**, and the parties' Consent Stipulation [Doc. #28] is **SO ORDERED**.

SO ORDERED at New Haven, Connecticut, this 20th day of April 2016.

<u>        /s/        </u>
Hon. Sarah A. L. Merriam
United States Magistrate Judge

---

with defendant. [Doc. #31 at 2].